UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:24CV-P19-CRS**

**JOSIE SAMANTHA HART**                                                      **PLAINTIFF**

**V.**

**LOUISVILLE METRO CORRECTIONS CLASSIFICATION,** *et al.*       **DEFENDANTS**

## **MEMORANDUM**

Plaintiff Josie Samantha Hart initiated this prisoner civil-rights action. [DN 1]. Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of the Plaintiff's current address and to actively litigate this action. *See* LR 5.3(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On February 2, 2024, an Order sent to Plaintiff at the Louisville Metro Department of Corrections ("LMDC") was returned to the Court by the LMDC with a notation that Plaintiff had been "transported to Roederer Correctional Complex on 1/5/24." [DN 6]. Plaintiff failed to notify the Court of the change of address. On April 8, 2024, an Order to Plaintiff at the Roederer Correctional Complex was returned to the Court by the United States Postal Service with the envelope marked "Return To Sender, Not Deliverable As Addressed, Unable To Forward" and "not here." [DN 9]. Plaintiff apparently is no longer housed at that address of record, and Plaintiff has not advised the Court of a subsequent change of address. Therefore, neither notices from this Court nor filings by Defendants in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. S*ee Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g., White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal consistent with this Memorandum.

Date: April 19, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
       Defendants
4411.014